UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

———————————————————————

STARR INDEMNITY & LIABILITY CO.,

                Plaintiff,                        25 cv 5129 (PKC)

      -against-                               ORDER

ARCH SPECIALTY INSURANCE CO., et al.,

                Defendants.

———————————————————————

CASTEL, U.S.D.J.

        The Court has reviewed the letters presenting an unresolved discovery dispute between plaintiff Starr Indemnity & Liability Co. ("Starr") and defendant Arch Specialty Insurance Co. ("Arch").  (ECF 37, 39 & 41.)

        In this action, Starr asserts that Arch issued a policy (or policies) that extends coverage to Starr's insured, Racanelli Construction Co., Inc. ("Racanelli"), for a July 27, 2020 workplace injury at a construction project at 622 West 51st Street, New York, New York (the "Project"), which is the subject of an action in the Supreme Court, New York County.  Arch denies that it extended coverage or was obligated to extend coverage to Racanelli as an additional insured or otherwise.  Starr has served broad discovery requests on Arch and third parties that require the production (or descriptions of the content) of Arch's underwriting files that Arch maintains are irrelevant to the underlying claim of the existence of coverage.  The Court begins with the background to the present dispute.

        Starr alleges that non-party AGL Industries, Inc. ("AGL") was a subcontractor to Racanelli on the Project and was contractually required to add Racanelli as an additional insured on certain commercial general liability and excess insurance.  Starr further alleges that

AGL entered into an assignment and assumption agreement with FLS Contracting Corp. ("FLS") in which FLS assumed all obligations of AGL as to the subcontract between AGL and Racanelli.  Starr also contends that Arch issued policies to AGL, FLS or FLS Steel Contracting, Inc. ("FLS Steel") that identified Racanelli by name as an additional insured or extended additional insured coverage when required by a written contract.

As to the subpoenas served on non-parties, Arch asserts that "[i]f FLS, FLS Steel, and their broker were to turn over documents related to the underwriting of the Arch policy, the only effect that production would have is to give Starr insight into Arch's confidential, proprietary, and trade secret business decisions as to what risk to write, how to calculate and price it, and how to sell it to potential customers/insureds. Arch and Starr are direct competitors in the business of issuing insurance policies, and Starr, the only plaintiff in this action, is a stranger to the FLS and FLS Steel policies."  (ECF 37.)  The allegation that it would suffer competitive harm is sufficient to give Arch standing to seek to quash these subpoenas.

It is fair game and proportional discovery for Starr to seek policies or other agreements relating to the Project or the loss in the possession or control of Arch, AGL, FLS, and FLS Steel, including any insurance broker to the same.  It is also appropriate to require production of any of the foregoing contractual agreements between and among AGL, FLS, and FLS Steel relating to the Project.  Such discovery does not intrude upon the confidential business information of Arch and presents no identifiable burden.

But until such time that an arguably relevant policy is identified as having been issued by Arch relating to the Project and covering the relevant time period, the broad discovery Starr seeks is premature.  At present, there is no assertedly ambiguous policy term that requires interpretation.  Without reaching the question of whether discovery into the

negotiation, pricing, and underwriting of policies actually covering the Project during the relevant time period would be appropriate, such discovery is not an efficacious way to determine the existence of a policy covering the loss. The burden and expense of the proposed discovery outweigh its likely benefit, taking into account the needs of the case, the amount in controversy, the importance of the issues at stake in the litigation, and the usefulness of the proposed discovery in resolving the issues. Rule 26(b)(2), Fed. R. Civ. P. Because the discovery is not proportional, the Court limits the scope of the subpoenas without reaching whether redactions and a protective order would be adequate protection for Arch.

Arch's motion to quash the three subpoenas to the extent they seek materials relating to Arch beyond that outlined above as permissible is GRANTED. Starr's cross-motion to compel Arch to respond to Requests Nos. 5-9 and Interrogatories Nos. 7-11 and to produce its responsive underwriting files is DENIED.[1] The Clerk is requested to terminate the Letter Motion at ECF 37.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
February 17, 2026

---

[1] Separately, the attention of Messrs. Kim and Maloney is called to Local Civil Rule 26.3(a), which provides as follows: "The full text of the definitions and rules of construction set forth in paragraphs (c) and (d) is deemed incorporated by reference into all discovery requests. No discovery request may use broader definitions or rules of construction than those set forth in paragraphs (c) and (d)." The use of approved definitions without substitution or embellishment allows for the development of a uniform meaning and understanding of the terms enlightened by case law. The use of bespoke broader definitions of "Communication," "Document," "Person," and "Concerning" are violations of Local Rule 26.3 and lead directly to confusion. Failure to comply with Local Civil Rule 26.3 in the future will result in striking the discovery request in its entirety or other appropriate sanction.