UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

STARR INDEMNITY & LIABILITY CO.,

                        Plaintiff,                        25 cv 5129 (PKC)

          -against-                                   ORDER

ARCH SPECIALTY INSURANCE CO., et al.,

                        Defendants.

_____

CASTEL, U.S.D.J.

        Plaintiff brought this action one year ago.  In the interim, defendant has answered, the Complaint has been amended and then answered, the Court has held a pretrial conference (October 10, 2025), a Case Management Plan and Scheduling Order has been entered and amended twice, a protective order has been entered, two discovery disputes have been brought to the Court for ruling and the Court has ruled, and now the parties would like to stay the action.  On June 10, Starr, who brought this claim, wrote to the Court to advise that it "believe[s] it is more prudent to stay this action" indefinitely and then a conference could be scheduled 14 days after the state court rules on a summary judgment motion and then this Court should extend discovery for 45 days after that.  Starr concedes that it "expect[s] it will be several months before a decision on the motion is issued."  (To recap, "several months," plus 14 days, plus 45 days.)

        This appeal to the Court's prudence might have been more receptively considered at an earlier juncture in this case.  It was made, however, five days before the close of fact discovery under the second and "FINAL" revision to the Case Management Plan and Scheduling Order.  But who knew a summary judgment motion might be made in the state

case?  Well, if it was scheduled to be fully briefed by June 15,[1] then presumably the motion was made at an earlier juncture.  Even at that, no party claims that the grant or denial of the motion would be dispositive of this case.[2]

The applications for a stay (ECF 48 & 49) are denied.  The parties have until September 3 to complete discovery.  The July 8 conference is adjourned to September 15, 2026 at noon in Courtroom 11D.


SO ORDERED.


P. Kevin Castel
United States District Judge

Dated: New York, New York
       July 1, 2026

---

[1] The July 1 letter does not favor the Court with an update on whether the motion was fully submitted on June 15.

[2] For example, if summary judgment were granted dismissing the claims of the plaintiff in the underlying action, it would be dispositive of the indemnity claim but not the claim for costs of defense which Starr artfully avoids mentioning in its letter but is clearly part of its claim.  (Amended Complaint ¶ 1.)  It is not clear how a denial of defendant's summary judgment motion "might support Starr's claim in this action."