ALLYN & FORTUNA LLP
ATTORNEYS AT LAW

NEW YORK
400 MADISON AVE., 10TH FL
NEW YORK, NEW YORK, 10017
TELEPHONE:(212)213-8844
FACSIMILE: (212)213-3318

NEW JERSEY
51 JFK Parkway
Short Hills, New Jersey 07078
Telephone (973) 379-0038
Facsimile (973) 379-0048

WWW.ALLYNFORTUNA.COM

The Court will hold a conference on the discovery dispute with GNP on Wednesday, July 29, 2026, at 10:30am in Courtroom 11D.
SO ORDERED.
Dated: 07/24/2026

P. Kevin Castel
United States District Judge

July 21, 2026

**VIA ECF**

Hon. P. Kevin Castel
United States District Court for the
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Starr Indemnity & Liability Co. v. Axis Surplus Insurance Co. et al.*
*Case No. 1:25-cv-5129-PKC*

Dear Judge Castel,

This firm represents non-party GNP Brokerage US Inc. ("GNP"). I write in response to the July 14, 2026 letter motion to compel the deposition of GNP filed by John Maloney, counsel for Plaintiff Starr Indemnity & Liability Co. ("Starr") (ECF Doc. No. 51). For the reasons set forth herein, GNP respectfully requests that Your Honor deny Starr's motion to compel the deposition.

As Your Honor is aware, Starr previously issued a non-party subpoena on GNP (the "Subpoena") seeking, *inter alia*, documents, communications, and insurance policies related to FLS Contracting Corp. ("FLS"), FLS Steel Contracting, Inc. ("FLS Steel"), and Dominic LoFaso related to the construction project at 622 West 51st Street (the "Life Storage Project"). By Order dated February 17, 2026, Your Honor narrowed the scope of that Subpoena to require the production of "policies and agreements relating to the Project or the loss in the possession or control of Arch, AGL, FLS, and FLS Steel, including any insurance broker to the same." *See* ECF Doc. No. 42, pg. 2. Accordingly, on April 20, 2026, GNP served Starr with Responses and Objections to Subpoena and 165 pages of responsive documents which consisted of insurance policies issued by Arch Specialty Insurance, Navigators Insurance Company, and Southwest Marine & General Insurance Company ("Southwest Marine") to insured FPL Fabricators & Erectors Group LLC.

Thereafter, Starr moved by letter motion dated May 11, 2026, for further production of documents from GNP in order to "help piece together what happened with respect to the relevant contracts, the insurance procured by FLS and FLS Steel, the relationship between the two entities, and what the defendant insurers understood as to who and what their policies were intended to insure." *See* ECF Doc. No. 45. Starr also emailed GNP's counsel a Subpoena *Ad Testificandum* Pursuant to Fed. R. Civ. P. 30(b)(6), seeking to depose a corporate representative of GNP at an in-

person deposition at its office in Morristown, New Jersey on June 3, 2026. GNP opposed both the request for additional documents and its representative's deposition because, as the insurance broker, GNP has no personal knowledge of the relationship between FLS and FLS Steel and does not know what any insurer understood or intended with respect to the intended insured or additional insureds any of the applicable policies. *See* ECF Doc. No. 47.

On May 18, 2026, Your Honor issued an Order requiring GNP to produce documents and communications between GNP and FLS and between GNP and any other person evidencing or relating to the procurement of insurance for FLS, including communications with Dominic LoFaso; Your Honor denied all other discovery of GNP, including the taking of GNP's deposition, without prejudice. *See* ECF Doc. No. 47. Accordingly, on June 2, 2026, GNP produced an additional 11 pages of email communications between GNP and FLS and GNP and Quaker Special Risk ("Quaker") regarding the addition of FLS Steel as an additional insured on the Southwest Marine policy. GNP also provided Starr with a Declaration executed by GNP's principal Chaim Goldberger, in which Mr. Goldberger stated that GNP had produced all communications within its possession, custody, and control related to the procurement of insurance for FLS Steel, and that GNP had no possession, custody, or control of any contractual agreements between and among AGL, FLS, and FLS Steel regarding the Life Storage Project. A copy of the Declaration of Chaim Goldberger is annexed here as Exhibit A. On July 6, 2026, at Starr's request, GNP supplemented its production by providing a separate copy of an email dated July 14, 2020 and a copy of an attachment, both of which were previously produced on June 2, 2026 as part of a longer email chain.

Taken together, the communications produced by GNP reflect that GNP received a request from the insured to request the addition of FLS Steel to the Southwest Marine policy, used the information provided by the insured to draft the request, and transmitted the request to Quaker. However, GNP – and specifically, its principal Chaim Goldgerger – has no personal knowledge regarding the formation of FLS Steel, FLS Steel's acquisition of contracts from FLS, or the risks intended to be insured under the Southwest Marine policy. As an insurance broker, GNP and Mr. Goldberger were not involved in the formation of any entities on behalf of FLS. GNP was also not involved in the assignment or acquisition of contracts on behalf of FLS. Further, GNP did not determine what work FLS Steel would perform on the Life Storage Project or what risks Southwest Marine intended to insure on the Life Storage Project. To the extent that Starr seeks to ascertain this information, any deposition of Mr. Goldberger into these topics would be futile and would impose an undue and significant burden on a non-party to this action.

GNP understands that Starr has been frustrated by FLS, FLS Steel, and the LoFasos noncompliance with the subpoenas that Starr has served on them. However, Mr. Goldberger cannot be a substitute witness regarding facts that are not within his personal knowledge. In order to assure Starr, Mr. Goldberg is hereby offering to submit another Declaration reflecting that he has no personal knowledge of the formation of any entities on behalf of FLS, the assignment or acquisition of contracts on behalf of FLS, the determination of what work FLS Steel would perform on the Life Storage Project, or what risks Southwest Marine intended to insure on the Life Storage Project.

Therefore, GNP respectfully requests that this Court deny Starr's motion to compel the deposition of non-party GNP Brokerage US Inc., together with such other and further relief as this Court deems appropriate. Thank you for your consideration.

Sincerely,

Megan J. Muoio

cc: All counsel via ECF